IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XIAO-MEI JIN, on behalf of herself )
and all others similarly situated, )
                                    )
                Plaintiff,          )    2:07-cv-1587-GEB-KJN
                                    )
          v.                        )    ORDER
                                    )
BEN BRIDGE-JEWELER, INC., a         )
Washington Corporation,             )
                                    )
                Defendant.          )
_____  )

          Plaintiff moves for certification of the following class

under Rule 23 of the Federal Rules of Civil Procedure[1]: "All current

and former employees of Defendant who worked shifts in excess of six

(6) hours as a sales associate at [Defendant's] retail stores in

California, and who were entitled to receive meal periods, since July

21, 2003."  Plaintiff argues this class should be certified since

Defendant failed to pay compensation to its employees who worked

_____

          [1]     Unless otherwise indicated, all references to Rules are to the
Federal Rules of Civil Procedure.

through their meal periods, as required by California Labor Code §§ 226.7, 512 and the Industrial Welfare Commission's ("IWC") Wage Order 7-2001.

"The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007) (citations omitted).  Plaintiff argues she has satisfied the class certification prerequisites in Rule 23(a) and Rule 23(b)(3).  Defendant disputes Plaintiff's contention that Rule 23(b)(3) is satisfied.

Rule 23(b)(3) requires a court to find "the questions of law or fact common to the class members predominate over any question affecting individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  "To determine whether common issues predominate, this Court must first examine the substantive issues raised by Plaintiff[] and second inquire into the proof relevant to each issue." Jiminez v. Dominos Pizza, Inc., 238 F.R.D. 241, 251 (C.D. Cal. 2006) (quotation and citation omitted); In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig. State of Cal. v. Standard Oil Co. of Cal., 691 F.2d 1335, 1342 (9th Cir. 1982) (citations omitted) (stating when "determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true, [and] is required to consider the nature and range of proof necessary to establish those allegations").

Plaintiff argues California law obligates an employer to "ensure" that meal periods are taken, and to compensate each employee for a missed meal period.  Defendant rejoins this law only requires an

employer to "provide" employees with an opportunity to take a meal period, and that class certification is inappropriate here because individualized discovery is necessary to determine why an employee failed to take a meal period.  This dispute requires interpretation of California "meal period" law.

"When interpreting state law, federal courts are bound by decisions of the state's highest court." <u>Kimoto v. McDonald's Corps.</u>, No. CV 06-3032, 2008 WL 4690536, at *5 (C.D. Cal. Aug. 19, 2008) (citing <u>In re Kirkland</u>, 915 F.2d 1236, 1238 (9th Cir. 1990)).  The California Supreme Court has not addressed whether an employer is required to "provide" or "ensure" meal periods.  "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." <u>Ariz. Elec. Power Coop., Inc. v. Berkeley</u>, 59 F.3d 988, 991 (9th Cir. 1995) (internal quotation and citation omitted).  However, decisions of the California appellate courts are not controlling, but may be instructive on an unsettled area of California law. <u>Guebara v. Allstate Ins. Co.</u>, 237 F.3d 987, 993 (9th Cir. 2001).

Plaintiff argues California Labor Code §§ 226.7, 512 and Wage Order 7-2001 should be interpreted consistent with what she opines is the holding in <u>Cicairos v. Summit Logistics, Inc.</u>, 133 Cal. App. 4th 949 (2005), a case that Plaintiff contends held an employer shall ensure that its employees take meal periods.  However, as the court stated in <u>Watson-Smith v. Spherion Pacific Workforce</u>, No. C 07-05774, 2008 WL 5221084, at *3 (N.D. Cal. Dec. 12, 2008):

> <u>Cicairos v. Summit Logistics, Inc.</u>, 133 Cal. App. 4th 949, 35 Cal. Rptr. 3d 243 (2005) does not

3

assist Plaintiff.  In <u>Cicairos</u>, the employer
managed and scheduled the drivers in such a way
that prevented the drivers from taking their meal
periods.  <u>Id.</u> at 962, 35 Cal. Rptr. 3d 243.  Based
on an opinion letter from the Department of
Industrial Relations, the court held that
employers have an affirmative obligation to ensure
that workers are relieved of all duty during their
meal periods.  <u>Id.</u>  The court also noted that
employers have an obligation pursuant to the wage
order to record their employees' meal periods.
Because the employer complied with neither
obligation, based on the facts before it, the
court found that the employer "failed to establish
it provided the plaintiffs with their required
meal periods."  <u>Id.</u> at 963, 35 Cal. Rptr. 3d 243.

Defendant submits the California Division of Labor Standards
Enforcement Office's ("DLSE") staff memorandum dated October 23, 2008,
on "Court Rulings on Meal Periods," in support of its position that an
employer is only required to provide a meal period.  The DLSE states
in the memorandum: "the language of the [referenced statutes and wage
order], and the cases interpreting them demonstrate[] compelling
support for the position that employers must provide meal periods to
employees but do not have an additional obligation to ensure that such
meal periods are actually taken."  (DLSE Memorandum dated Oct. 23,
2008, p.2.)  The DLSE also discusses the <u>Cicairos</u> decision in this
memorandum, stating "there is recent, substantial, and persuasive
authority from many federal trial courts which have interpreted
<u>Cicairos</u> that the appellate court in that case did not hold as a
matter of binding law that employers have a statutory or regulatory
obligation to ensure that employees actually take their meal periods."
(<u>Id.</u>)

"The DLSE is the state agency empowered to enforce
California's labor laws, including IWC wage orders."  <u>Morillion v.
Royal Packing Co.</u>, 22 Cal. 4th 575, 581 (2000) (citation omitted).

"As such it frequently issues opinions and letters from which we can properly obtain guidance." Koehl v. Verio, Inc., 142 Cal. App. 4th 1313, 1334 (2006).  The DLSE's October 23 staff memorandum is given "some consideration by the Court." Yamaha Corp. of Am. v. State Bd. of Equalization, 19 Cal. 4th 1, 15 (1998).  However, "the courts must remain the final authorities on critical questions of statutory construction." Bechtel Const., Inc. v. United Broth. of Carpenters & Joiners of Am., 812 F.2d 1220, 1223 (9th Cir. 1987) (quoting Fagner v. Heckler, 779 F.2d 541, 543 (9th Cir. 1985)).

        The language in the statutes supports the DLSE's conclusions in its memorandum.  Section 226.7(b) requires an employer to pay additional compensation to an employee "[i]f [it] fails to *provide* [the] employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission . . . ." (emphasis added).  Section 512(a) states "[a]n employer may not employ an employee for a work period of more than five hours per day without *providing* the employee with a meal period of not less than 30 minutes . . . ." (emphasis added).  Since neither statute "define[s] the term ['provide'] differently than its common usage, we turn to the dictionary." United States v. Pearson, 274 F.3d 1225, 1231 n.6 (9th Cir. 2001).  The dictionary definition of the term "provide" is "'to supply or make available' [and] does not suggest any obligation to ensure that employees take advantage of what is made available to them." Brown v. Federal Express Corp., 249 F.R.D. 580, 585 (C.D. Cal. 2008) (quoting Merriam Webster's Collegiate Dictionary 937 (10th ed. 2002)).

        Language in the wage order "comes closest to imposing a duty to enforce meal breaks." Brown, 249 F.R.D. at 585.  Wage Order 7-2001

5

states "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . ." 8 CCR § 11070(11). However, the California Supreme Court dicta in <u>Murphy v. Kenneth Cole Productions, Inc.</u>, 40 Cal. 4th 1094 (2007), does not support construing this language to impose a duty on employers to ensure that meal breaks are taken. When discussing this wage order, the Supreme Court said "employees are entitled to an unpaid 30-minute, duty-free meal period after working for five hours . . . . An employee *forced to forgo* his or her meal period . . . loses a benefit to which the law entitles him or her." <u>Id.</u> at 1104 (emphasis added). These statements indicate that an employee decides whether he or she takes a meal period.

For the stated reasons, an employer is required to provide meal periods but need not ensure that an employee actually takes a meal period.

Plaintiff argues her class should still be certified because there is no need to conduct an inquiry into the reasons why meal periods were missed in this case, since Defendant has a policy of denying timely meal periods. Plaintiff declares when she worked as a sales associate at Defendant's Sacramento retail store, she was often denied timely meal periods due to Defendant's policy that "there must be at least two sales associates . . . on the sales floor at all times." (Pl. Decl. ¶ 5.) She declares Defendant "frequently scheduled only two employees to work during the same shift, and accordingly, [she] was not able to take [her] meal break if by doing so there was only one other employee in the store." (<u>Id.</u>) She further declares "[g]enerally, [her] manager decided and told [her] when [she] was to take [her] meal break." (<u>Id.</u>)

Plaintiff also relies on her expert David J. Weiner's analysis of Defendant's timekeeping records, which capture when a sales associate clocks in and out for his or her work shift.  Weiner analyzed samples of Defendant's timekeeping records from four of Defendant's 32 California retail stores, for two different six-month periods, and concluded that a significant number of shifts did not include the requisite meal break.  (Weiner Decl. ¶¶ 10, 11.)

Defendant rejoins with its expert Robert W. Crandall who analyzed the same four stores Weiner analyzed, and declares the data shows some sales associates never missed a meal period while others missed all of their meal periods.  He also found that in the store where Plaintiff was employed, which was one of the four stores analyzed, significantly more employees reported missed meal periods.

Defendant also relies on the deposition testimony of its Regional Vice President Steve Wilson, who is in charge of six of Defendant's California stores, including the store where Plaintiff worked.  Wilson testified that he regularly reviews sales associates' shift schedules and meets with sales associates and store managers to ensure that meal periods are properly provided.  (Wilson Depo. at 16:8-17:4, 21:21-22:1, 28:24-29:8.)  He also testified that no sales associate has ever complained to him about being denied a meal period.  (Wilson Depo. at 55:24-56:3.)

In light of the nature of proof necessary for Plaintiff to establish why a sales associate missed a meal period, Plaintiff has not shown that common factual issues predominate over the required individualized discovery concerning why certain sales associates

//

//

missed meal periods.  Therefore, Plaintiff's motion for class
certification is denied.

Dated:  February 4, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge