IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XIAO-MEI JIN, on behalf of herself )
and all others similarly situated, )
                              )
        Plaintiff,          )    2:07-cv-1587-GEB-KJN
                              )
   v.                    )    ORDER
                              )
BEN BRIDGE-JEWELER, INC., a )
Washington Corporation, )
                              )
       Defendant.        )
_____)

       Subject matter jurisdiction is raised *sua sponte* since Defendant removed this case based on diversity jurisdiction under the Class Action Fairness Act ("CAFA"), which is no longer a basis for removal jurisdiction; Plaintiff's motion for class certification was denied in an Order issued February 2, 2009. See <u>Arabian v. Sony Elecs. Inc.</u>, No. 05cv1741, 2007 WL 2701340, at *3 (S.D. Cal. Sept. 13, 2007) ("[F]ollowing denial of class certification, no subject matter jurisdiction exist[s] under CAFA . . . ." (citing <u>McGaughey v. Treistman</u>, No. 05cv7069, 2007 WL 24935, at *3-4 (S.D.N.Y. Jan. 4,

1

2007)); Salazar v. Avis Budget Group, Inc., No. 07-cv-0064, 2008 WL 5054108, at *5 (S.D. Cal. Nov. 20, 2008) ("When this Court denied class certification, it determined there is not – and never was – CAFA diversity jurisdiction."); McGaughey, 2007 WL 24935, at *3 ("Because Plaintiff's motion for class certification must be denied, Plaintiff's action is no longer a class action, and this Court cannot retain subject matter jurisdiction in diversity over Plaintiff's action pursuant to the Class Action Fairness Act.").

Defendant nevertheless contends in a joint status report filed March 30, 2009 ("JSR"), that diversity jurisdiction exists under 28 U.S.C. § 1332(a) since the parties are citizens of different states and the amount in controversy exceeds $75,000. (JSR at 3:14-15.) Plaintiff rejoins she "reserves the right to challenge the defendant's claims respecting this Court's diversity jurisdiction in the event that discovery calls the factual bases of such jurisdiction into question." (Id.)

Jurisdiction under § 1332(a) was not stated as a basis for removal in Defendant's removal petition, and the Complaint does not clearly state what amount of damages Plaintiff seeks. Defendant's mere conclusory allegation that the amount in controversy exceeds $75,000 is insufficient to "overcome[] the 'strong presumption against removal jurisdiction . . . .'" Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1997) (citing Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990), and its holding that "defendant's bald recitation that 'the amount in controversy exceeds $50,000,' without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand"). Therefore, this case is remanded

2

to the Superior Court of the State of California, for the County of Sacramento.

Dated: April 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge